IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANDRES EDUARDO L.B., | Civil No. 1:26-cv-03744-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | A# 220-218-613 |
| WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*, | |
| Respondents. | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Andres Eduardo L.B.[1] is an immigration detainee proceeding with a

petition for a writ of habeas corpus under 28 U.S.C. § 2241, filed by and through his

Next Friend Andrea L.B.  Dkt. No. 1.

He entered the United States with his mother on June 30, 2021.  *Id*. at pgs. 2, 4.

Upon entry, the Department of Homeland Services initiated removal proceedings.  *Id*. at

pg. 4.  But the government did not seek to detain Petitioner while the proceedings were

underway; instead, he was released.  The authorities' judgment that Petitioner's release

was proper (that is, that he was neither a flight risk nor a danger to the community)

---

[1]    For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

proved well-founded:  there is no suggestion in the record that Petitioner ever violated any conditions imposed upon him.  He has maintained employment authorization and has no criminal record.  He shares a residence with his sister, who filed the present petition as his Next Friend.  *Id*. at pg. 5.  And he has taken other steps to obtain immigration relief:  In an effort to comply with the mandatory asylum filing deadline, he began asylum proceedings.  *Id*. at pg. 4.  Although the asylum case was administratively closed, Petitioner also filed for Temporary Protected Status (TPS) based on his home country.  That filing was accepted and Petitioner's TPS application remains pending.  *Id*. at pgs. 4-5.

But on March 17, 2026, Petitioner was arrested and detained by immigration authorities during a routine traffic stop in Orlando, Florida.  *Id*.  He was given no notice or process before his arrest, and he was not charged with any criminal offense.  *Id.*

Petitioner now invokes this court's habeas jurisdiction.  In Counts One through Three of his petition, he contends that his arrest and detention, without any pre-deprivation process, violate his constitutional due process rights.  *Id*. at pgs. 5-6.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g.*,  *A.J.S.M.P. v. Mullin*, No. 1:26-cv-03163-MWJS, 2026 WL 1190220 (E.D. Cal. Apr. 29, 2026); *Abdoulaye D. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-03015-MWJS,  2026 WL 1103597 (E.D. Cal. Apr. 23, 2026); *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026);

*Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-cv-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above." Dkt. No. 4. The court appreciates Respondents' timely and candid opposition. Dkt. No. 5. Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above. *Id*.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED for the reasons stated in those prior orders.

Respondents are ORDERED to immediately release Petitioner Andres Eduardo L.B. (A# 220-218-613) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-

deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  May 28, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-03744-MWJS; *Andres Eduardo L.B. v. Warden, California City Immigration Processing Center et al*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS